NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**RALPH J. COPPOLA,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

_____

2018-1301

_____

Petition for review of the Merit Systems Protection Board in No. SF-1221-17-0027-W-1.

_____

Decided:  April 26, 2019

_____

RALPH STEPHEN COPPOLA, Law offices of Ralph Stephen Coppola, Reno, NV, for petitioner.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR., JOSEPH H. HUNT.

_____

Before PROST, *Chief Judge,* REYNA and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Ralph J. Coppola appeals from the final decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction as barred by a prior settlement agreement.  Because the settlement agreement does not apply to the claims at issue in this appeal, we vacate the decision of the Board and remand for further proceedings consistent with this opinion.

BACKGROUND

Dr. Coppola was employed as a part-time physician for the Department of Veterans Affairs under 38 U.S.C. § 7405(a)(1)(A).  On February 8, 2011, Dr. Coppola filed an Equal Employment Opportunity ("EEO") complaint alleging wage violations due to age discrimination within the VA.  In particular, Dr. Coppola alleged that he was denied certain pay increases between 2005 and 2010 on the basis of age.

While his EEO complaint was pending, Dr. Coppola participated in an investigation by the Office of the Medical Inspector into complaints concerning patient care and safety at his workplace.  On September 10, 2012, Dr. Coppola appeared on a local news station to discuss the results of the investigation and his own observations and concerns.  On September 13, 2012, Dr. Coppola received notice from the VA that he would be terminated from his position in approximately two weeks.  In lieu of termination, Dr. Coppola opted to retire on September 28, 2012.

On March 6, 2013, Dr. Coppola and the VA entered into an Equal Employment Opportunity Commission Agreement of Compromise Settlement ("Settlement Agreement") with respect to his February 8, 2011 EEO complaint.  In exchange for a lump sum payment of $3,750.00, Dr. Coppola agreed to:

> expressly waive[] any and all actions, claims, complaints, EEO complaints, grievances, appeals and proceedings of whatever nature against the VA . . . which are now or hereafter may be asserted by him on his behalf *regarding his allegations of unlawful disability and age discrimination and reprisal as set forth and defined in EEOC Case No. 550-2011-00588X*[.]

J.A. 68 (emphasis added).

Around this time, Dr. Coppola's attorney sent an e-mail to a VA attorney expressing concern about the phrase "and reprisal" in the waiver clause. The e-mail indicated that Dr. Coppola had changed his mind and would not sign the Settlement Agreement unless this phrase was omitted. The VA attorney responded that this waiver language "does not prevent future claims of reprisal" and further noted that "it's rather ridiculous to even be discussing reprisal since [Dr. Coppola] doesn't even work for the agency any longer." J.A. 83. Dr. Coppola signed the Settlement Agreement with the "and reprisal" language intact.

On August 19, 2014, Dr. Coppola filed a complaint with the U.S. Office of Special Counsel ("OSC") alleging that the notice of termination from the VA, and his subsequent involuntary retirement, constituted unlawful retaliation against him for protected whistleblowing activity. Dr. Coppola specifically alleged that his termination was retaliation for his participation in the OMI investigation and his comments on the local news. On August 17, 2016, the OSC terminated its inquiry into Dr. Coppola's complaint. Dr. Coppola filed an individual right of action ("IRA") appeal to the Board on October 14, 2016.

The VA moved to dismiss Dr. Coppola's appeal, arguing that the Settlement Agreement deprived the Board of jurisdiction over Dr. Coppola's claims. The VA alternatively requested that the Board hold that Dr. Coppola's retirement was voluntary, and its own actions non-retaliatory.

The Board agreed with the VA that the "plain language of the provision indicates . . . that the appellant clearly waived his right to file this IRA appeal." J.A. 4. The Board noted that "broad settlement language, even if employed in the settlement of claims not involving whistleblowing retaliation, operates to waive Board jurisdiction over personnel actions raised in subsequent IRA appeals." J.A. 3 (citing *Vogel v. Department of the Navy*, 2007 M.S.P.B. 200, ¶ 8 (2007); *Lee v. U.S. Postal Service*, 2009 M.S.P.B. 121, ¶ 7 (2009), *aff'd* 367 F. App'x 137, 140 (Fed. Cir. 2010)). Having determined that it lacked jurisdiction, the Board dismissed the appeal and did not consider the VA's alternative arguments.

Dr. Coppola timely petitioned for review in this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review of a decision of the Board is limited by statute. Under 5 U.S.C. § 7703(c), we may only set aside a Board decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *King v. Dep't of the Navy*, 130 F.3d 1031, 1033 (Fed. Cir. 1997). The interpretation of a settlement agreement is an issue of law which we review without deference. *Id.*

The first step in the interpretation of a written agreement is to determine "whether the written understanding is clearly stated and was clearly understood by the parties." *Id.* If an ambiguity arises, "the judicial role is to implement the intent of the parties at the time the agreement was made." *Id.* The words of a contract "are given their ordinary meaning, unless it is established that the parties mutually intended and agreed to some alternative meaning." *Id.* (citing *Perry v. Dep't of the Army*, 992 F.2d 1575, 1579 (Fed. Cir. 1993); *Hol-Gar Mfg. Corp. v. United States*,

351 F.2d 972, 976 (Ct. Cl. 1965)).  In sum, "[o]ur task is to determine the intent of the parties at the time they contracted, as evidenced by the contract itself." *Greco v. Dep't of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988).

Dr. Coppola argues that the Settlement Agreement does not bar his appeal because it expressly limits the scope of waiver to claims arising from "his allegations of unlawful disability and age discrimination and reprisal as set forth and defined in EEOC Case No. 550-2011-00588X."  J.A. 68. We agree.  The Board focuses on the indisputably broad language at the beginning of the clause, which imputes waiver to "any and all actions, claims, complaints, EEO complaints, grievances, appeals and proceedings of whatever nature against the VA."  *Id.*  The language at the end of the clause, however, narrows the scope of waiver to those actions, claims, and complaints that "may be asserted by [Dr. Coppola] . . . regarding his allegations of unlawful disability and age discrimination and reprisal as set forth and defined" in his EEO complaint.  *Id.*  This limiting language excludes waiver of any claim that is unrelated to Dr. Coppola's EEO complaint.  Thus, Dr. Coppola's allegations regarding whistleblower retaliation, which arose from events occurring over a year after the filing of his EEO complaint, could not have been included in the Settlement Agreement waiver.

This unambiguous limitation on the scope of waiver stands in stark contrast to the broad waiver language in the cases cited by the Board.  In *Vogel*, for example, the waiver at issue applied to "any other actions, charges, complaints, class actions, appeals or other inquiries . . . with respect to any matter related to the Appellant's employment with the Department of the Navy *occurring prior to this Settlement Agreement*."  2007 M.S.P.B. 200, ¶ 2 (emphasis added).  Similarly, in *Lee*, the settlement agreement at issue stated that "Mr. Lee further agrees to generally release . . . the Postal Service . . . *from all claims of any nature ever arising from his employment with the Postal*

*Service up to and including the date of full execution of this agreement.*" 2009 M.S.P.B. 121, ¶ 7 (emphasis in original). In both of these cases, the waiver clause barred *all* claims relating to the petitioner's employment through the execution date. The more limited waiver clause at issue here stands in stark contrast to these broad clauses.

The VA argues that the phrase "and reprisal" in the waiver clause indicates that Dr. Coppola waived his right to bring an action regarding any reprisal claims that existed at the time of execution of the Settlement Agreement. The Settlement Agreement expressly states, however, that waiver applies only to claims arising from Dr. Coppola's "allegations of . . . reprisal as set forth and defined in EEOC Case No. 550-2011-00588X." J.A. 68. Thus, the agreement only bars claims for reprisal that could arise out of the facts alleged in Dr. Coppola's EEO complaint. Indeed, while the term "reprisal" is commonly used in the whistle-blower context, it also relates to retaliatory action against an employee for filing an EEO complaint alleging discrimination. *See Spruill v. Merit Sys. Protection Bd.*, 978 F.2d 679, 692 n.17 (Fed. Cir. 1992) (noting that "an employee's allegation of reprisal [for filing an EEO complaint] is itself a complaint of discrimination which shall be accorded full EEOC procedure").

The VA also argues that the e-mail exchange between the parties indicates that they understood that the phrase "and reprisal" included any existing claim for reprisal, and did not bar claims for reprisal that arose after the date of the agreement. Even if we agreed with the VA that the e-mail exchange establishes the understanding of the parties, which is far from clear, "[o]nly if there is ambiguity should parol evidence be considered." *Greco*, 852 F.2d at 560. Here, the scope of the waiver is unambiguously limited to claims that could arise from Dr. Coppola's allegations as set forth in his EEO complaint. Any contrary determination by the Board is unsupported by law.

CONCLUSION

As set forth above, the Board's decision rests on an incorrect interpretation of the Settlement Agreement that expands the scope of Dr. Coppola's waiver beyond the claims that could arise from his allegations in the EEO complaint.  Because Dr. Coppola's claims of whistleblower retaliation are entirely unrelated to the claims of age discrimination in his EEO complaint, the Board's determination that it lacks jurisdiction over Dr. Coppola's claims is legal error.  While Dr. Coppola seeks a decision on the merits and other relief, the Board has not had an opportunity to review the case on its merits, and thus the appropriate remedy is to remand the case to the Board for consideration of the issues.  Accordingly, we vacate the decision of the Board and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

COSTS

Costs to petitioner.